27262. BROWN *v.* HARMON.

DECIDED JANUARY 23, 1939.

374

*F. B. Tyler, B. B. McCowen,* for plaintiff in error.

*John J. Jones, Thomas L. Hill,* contra.

SUTTON, J.   On July 15, 1938, Mary L. Harmon proceeded to foreclose an innkeeper's lien by filing to the August term, 1938, of the municipal court of Augusta an affidavit in which she alleged that Bruce Brown was indebted to her in the sum of $59.48 for board and lodging during the months of June and July, 1938; that said amount was due and unpaid, and that she had made a demand on said Brown for the payment thereof, and the same had been refused.   On the filing of this affidavit a summary execution was issued, and on which the following levy was entered:   "I have this day executed the within fi. fa. by levying on the following described property, to wit:   One Hudson sedan with wire wheels, motor No. 49072—1938, Georgia tag 36-580, automobile.   Levied on as the property of the defendant Bruce Brown and found in his possession this 15th day of July, 1938.   [Signed] J. H. Phillips, deputy sheriff, municipal court, City of Augusta."   Bruce Brown filed his affidavit alleging that the levy showed that the property levied on was in his possession at the time of the levy, and was not in the possession of Mary L. Harmon, nor had she ever retained said property in her possession, nor was the property in or on the premises of the plaintiff at the time of the levy; and further alleged that the lien affidavit was not sufficient as a matter of law, and that the execution issued illegally and was proceeding illegally, and asked that the proceeding be dismissed and that his property levied on be restored to him.

The case was tried before the judge without a jury, and the only evidence submitted was the above entry of levy and the following agreed statement of facts:   "That Bruce Brown, defendant in fi. fa., took his meals and had a room at the inn of Mary L. Harmon, plaintiff in fi. fa., which said inn was located at 529-531 Greene Street, Augusta, Ga., and that defendant in fi. fa. was indebted to plaintiff in fi. fa. in the sum of $59.48 for board and lodging during the months of June and July, 1938, payment of which had been demanded.   That each night he parked his automobile on the premises of the inn belonging to the plaintiff in fi. fa., and each morning drove his said automobile therefrom, and such was his action the night of July 14, 1938, and the morning of July 15, 1938.   That although the defendant in fi. fa. became indebted to

plaintiff in fi. fa., did never establish or attempt to establish her lien by retaining possession of the property of defendant in fi. fa., but plaintiff later released all other property belonging to the defendant. That at the time of the levy of execution No. 6270 X, the automobile, the property of the defendant in fi. fa., was driven to and parked on a public street by defendant in fi. fa., immediately in front of plaintiff in fi. fa.'s inn, to which inn defendant in fi. fa. had gone for his dinner (the noon meal). The levy made and entered by the deputy sheriff showed that the automobile levied on is the property of the defendant in fi. fa., and was in his possession at the time of levy and was. parked on a public street, and as above stated." The judge overruled and dismissed the affidavit of illegality and ordered the property to be sold under the plaintiff's execution. The defendant excepted to that judgment.

The Code, § 52-105, declares: "The keeper of every inn, boarding house, lodging house and eating house shall have a lien on all furniture, baggage, wearing apparel and other property brought into such inn, boarding house, lodging house or eating house by any guest or patron of the same . . to secure the payment by such guest or patron of all sums due for food, lodging or other accommodation." And "For the enforcement of the lien created by the preceding section, the keeper of the inn, boarding house, lodging house or eating house claiming the lien may retain possession of the property against which the lien is claimed." § 52-106. The decision of this court in *Turner* v. *Priest,* 48 *Ga. App.* 109 (171 S. E. 881), is controlling in the present case. It was there held: "The lien in favor of a boarding-house keeper consists in his right to retain possession of the chattels in opposition to the title of the guest until the charge respecting them is paid. The detention of the property of the guest by the boarding-house keeper is necessary to hold the lien, and if the latter parts with his possession of it, the lien is lost, and he can not afterwards retake the property." So the retention by the plaintiff of the possession of the property on which the boarding-house lien was claimed was an act necessary to the establishment and foreclosure of such lien. It appears without contradiction from the record in this case that the plaintiff never established nor attempted to establish her lien by retaining possession of the property levied on, but if, under the facts, she ever could have been considered as having possession of said prop-

erty, she had voluntarily surrendered it by allowing the defendant to drive the automobile away from her premises, and when it was levied on it was not in her possession, but was parked on a public street and was in the possession of the defendant as recited in the levy. A finding in favor of the plaintiff was not authorized under the law and the facts. Therefore, the court erred in overruling and dismissing the affidavit of illegality and in ordering the property levied on to be sold under the plaintiff's execution.

*Judgment reversed. Stephens, P. J., and Fellon, J., concur.*